## G. W. LAWS v. J. B. HARRIS AND OTHERS.

1. The plaintiffs recovered judgment in Dallas county on a petition which alleged their residence to be in Harrison county, in this State. Defendant's petition for a writ of error made no averment respecting the residence of the plaintiffs. No citation in error was issued to Harrison county, where the plaintiffs had alleged their residence to be; but citation was issued to Dallas county, and, after a return that the plaintiffs were not to be found in that county, was served upon their attorney of record. *Held*, that service on the attorney was not authorized by law, and the writ of error is dismissed on motion. (Adkins v. Forehand, 10 Texas, 270, cited.)

ERROR from Dallas. Tried below before the Hon. A. B. Norton.

The facts are stated in the opinion and the head note.

*W. M. Walton* and *J. K. P. Record*, for the plaintiff in error.

*Robards & Jackson*, for the defendants in error, moved to dismiss for want of service of the citation in error.

WALKER, J.—This cause must be dismissed for want of a proper citation in error.

When the defendants in error do not reside in the State, or their place of residence is not known, service of the citation may

be made upon the attorney of record.    But in this case the origi-
nal petition avers that the defendants in error are residents of
Harrison county.    Citation was issued and directed to the sheriff
of Dallas county, and returned by him, " defendants not found in
this county."    This was not a compliance with the statute.    (See
Paschal's Digest, Art. 1495, and note 587; 10 Texas R., 271.)
The cause is dismissed.

Dismissed.